JOSEPH SNELL, MAHLON S. MOORE AND DOUGLAS DILDAY v. WASHINGTON COUNTY BOARD OF EDUCATION, T. L. HEDGE-BETH, JOE PEELE, HENRY SPRUILL, SIDNEY J. HASSELL AND JAMES C. DAVENPORT

No. 752SC873

(Filed 17 March 1976)

**Judgments § 6; Rules of Civil Procedure § 60— amendment of judgment after term and expiration of commission**

A superior court judge had no authority after expiration of both the term of court and his commission to amend an order by reversing the order as to court costs and bond forfeiture since any error the court attempted to correct was one of judicial decision and not a clerical error, notwithstanding the amended order denominated the change as a correction of clerical error. G.S. 1A-1, Rule 60(a).

APPEAL by respondents from *Lanier, Judge.* Amended order entered 6 August 1975 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 17 February 1976.

This action was instituted on 21 April 1975, by filing of petition and issuance of temporary restraining order enjoining respondents, Washington County Board of Education and its constituent members, from voting on the hiring or rehiring of a superintendent of public instruction or any of the principals of the schools in the Washington County School System until a hearing on 28 April 1975. At the hearing before Judge Lanier on 28 April 1975, respondents moved to dismiss the petition and also filed an affidavit of Sidney J. Hassell. Judge Lanier "continued prayer for judgment" for 30 days and on 25 June 1975, signed a final order. On 6 August 1975, Judge Lanier, while holding court in Pitt County, signed the amended order without any notice to respondents or their counsel. The original order required the petitioner appellees to pay the court costs and to forfeit their bond. The amended order required a refund

of the bond and payment by respondent appellants of one-half the court costs. The respondents appealed.

*Bailey and Cockrell, by Carl L. Bailey, Jr., for respondent appellants.*

MARTIN, Judge.

This Court will take judicial notice of the fact that Russell J. Lanier is Resident Judge of the Fourth Judicial District; that Washington County is in the Second Judicial District; and that Judge Lanier's commission to hold court in Washington County expired on 30 June 1975. It will also take judicial notice of the fact that Judge Lanier was, on 6 August 1975, the date of the signing of the amended order, assigned to hold the courts of the Third Judicial District, and in particular the courts of Pitt County.

In *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791 (1958), the Court said:

"... [T]he court has inherent power to amend judgments by correcting clerical errors or supplying defects so as to make the record speak the truth. The correction of such errors is not limited to the term of court, but may be done at any time upon motion, or the court may on its own motion make the correction when such defect appears. (Citations omitted.) But this power to correct clerical errors and supply defects or omissions must be distinguished from the power of the court to modify or vacate an existing judgment. And the power to correct clerical errors after the lapse of the term must be exercised with great caution and may not be extended to the correction of judicial errors, so as to make the judgment different from what was actually rendered. (Citations omitted.)"

No error appears on the face of the original order of 25 June 1975. Therefore, the judge had no authority to materially amend, modify or to vacate a final judgment after expiration of both the term of court and his commission.

The 6 August 1975 order, in part, is as follows:

"Further, pursuant to NCGS 1A-1, Rule 60, it appearing to the court that a clerical mistake was made in the entry and filing of an order dated June 25, 1975, with that order

differing materially from the intent of the court, the following amended order is hereby entered: . . . "

G.S. 1A-1, Rule 60 (a) does not alter the situation. The material amendment, modification or vacation of the 25 June 1975 order by the 6 August 1975 order is much more extensive than correction of clerical mistakes such as contemplated by Rule 60 (a). The judgment of 25 June 1975 is regular upon its face. The 6 August 1975 amended order completely reverses the prior order as to court costs and bond. Thus, it appears that any error which the court attempted to correct was manifestly one of judicial decision and not a routine clerical error. Such error may not be corrected by denominating it as a clerical error.

Judge Lanier was without authority to materially alter or modify or to vacate the prior judgment. The 6 August 1975 order is vacated.

Reversed and remanded.

Judges BRITT and HEDRICK concur.