21333

Concetta R. BALESTRINE, Respondent, v. David W. JORDAN, Appellant.

(272 S. E. (2d) 438)

*Kenneth C. Hanson,* Columbia, *for appellant.*

*Atty. Gen., Daniel R. McLeod, Deputy Atty. Gen., Raymond G. Halford, Asst. Atty. Gen., Clifford O. Koon, Jr.,* and *State's Atty., James G. Bogle,* Columbia, *for respondent.*

November 20, 1980.

NESS, Justice:

Respondent Concetta R. Balestrine instituted this proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA), Section 20-7-110, *et seq.,* Code of Laws of S. C. (1976) seeking an increase in the amount of child support which was granted to her by an Arkansas divorce decree. Appellant David W. Jordan, a resident of Richland County, South Carolina, was divorced from respondent on August 4, 1970. The court awarded respondent the sum of $125.00 per month for child support. These payments have been made promptly since the date of decree.

The sole issue is whether the Family Court of Richland County has subject matter jurisdiction under URESA to increase the amount of child support granted to respondent by an out-of-state divorce decree. We hold it does.

Section 20-7-150, Code of Laws of South Carolina (1976) provides:

"The remedies provided in this article are in addition to and not in substitution for any other remedies."

A decree of support may be increased, decreased or terminated due to a change in circumstances pursuant to § 20-3-160, Code of Laws of S. C. (1976). *Campbell v. McPherson,* 268 S. C. 444, 234 S. E. (2d) 774 (1977).

We conclude there is ample authority for the proposition that the family court has subject matter jurisdiction under URESA to increase the amount of support granted in an

out-of-state decree. According to 67A C. J. S. Parent and Child § 96, pp. 452-453:

"While a duty of support previously determined elsewhere will not be redetermined in the responding state, and a support order may not be superseded in the responding state, the amount of support previously ordered is not final and binding, and the court of the responding state has the authority to enter an independent order fixing a different amount of support than that previously set or recommended; the court may not erroneously fail to exercise its discretion in this respect."

See also: *Olson v. Olson*, 534 S. W. (2d) 526 (Mo. App. 1976); *Ainbender v. Ainbender*, 344 A. (2d) 263 (Del. 1975); *Trippe v. Trippe*, 53 Cal. App. (3d) 982, 126 Cal. Rptr. 214 (1975); *Childers v. Childers*, 198 S. E. (2d) 485, 19 N. C. App. 220 (1973); and, *Barfield v. Harrison*, 101 Ga. App. 497, 114 S. E. (2d) 302 (1960).

We conclude the family court has subject matter jurisdiction under URESA to modify the amount of child support granted in an out-of-state divorce decree. The order of the family court is affirmed and the case remanded for a hearing on the merits.

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.