2423

Brenda DELTORO, Respondent v. Joe L. McMULLEN, Appellant.

(471 S.E. (2d) 742)

Court of Appeals

*Gregory S. Forman,* Charleston, *for appellant.*

*L.J. Rosintoski,* North Charleston, *for respondent.*

Submitted May 1, 1996.

Decided May 1, 1996; Reh. Den. June 21, 1996.

## ORDER ON PETITION
## FOR REHEARING

*Per Curiam:*

In this court's Opinion No. 2423 filed November 27, 1995, we vacated the trial court's child support order on the basis of a lack of subject jurisdiction. We based our decision on an application of the Uniform Interstate Family Support Act (UIFSA) which both parties argued were applicable to the case. In her petition for rehearing the wife asserts for the first time that subject matter jurisdiction before the family court should have been premised on the Uniform Reciprocal Enforcement of Support Act (URESA) because jurisdiction attached under that Act at the time the act was filed, even though UIFSA was in effect at the time the trial court issued its order. We agree, withdraw our previous decision, grant wife's petition for rehearing and substitute the attached opinion for our prior opinion.

/s/ Jasper M. Cureton, J.
/s/ C. Tolbert Goolsby, Jr., J.
/s/ Kay G. Hearn, J.

CURETON, Judge:

This domestic relations action involves the family court's exercise of jurisdiction to modify a Virginia child support order. We hold the family court had subject matter jurisdiction to hear the case and affirm the trial court's decision.

The parties to this action, Brenda Deltoro (the mother) and Joe L. McMullen (the father) were married in Charleston, South Carolina on January 18, 1978. They have two minor children, both of whom were born in South Carolina.

The father is a member of the United States Navy. From the time the parties married until February of 1982, the father was stationed in Charleston, South Carolina and the parties resided there with their children. The parties and their children moved to Virginia in February 1982 when the father was transferred to a naval base in Norfolk. The parties separated in September of 1983, with the mother moving out of the marital home and taking the children with her. The mother subsequently returned to South Carolina with the

children. The father continues to reside in Virginia.

In May of 1985, the mother brought an action against the husband for child support in the Charleston County family court. Pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), S.C. Code Ann. § 20-7-960 through -1170 (1976), the action was transmitted to Virginia. The Virginia court entered an order requiring the father to pay $350.00 per month child support. The mother thereafter registered the order with the Charleston County family court.

In September of 1985, the mother instituted an action for divorce against the father in Charleston County. The father did not file a notice of appearance, or otherwise respond to the mother's petition for divorce and the matter was adjudicated in his absence. In February of 1986, the family court issued an order granting the mother's plea for divorce on the ground of one year continuous separation.

The mother instituted the instant action in the Charleston County family court in October of 1993, seeking modification of the Virginia child support order. In response, the father filed a *pro se* special defense alleging the family court lacked jurisdiction over his person and seeking dismissal of the action.

The family court held it had authority to exercise personal jurisdiction over the father because the parties' children were conceived in South Carolina. Thereafter, the court issued an order increasing the father's monthly child support obligation from $350.00 to $840.00 and requiring the father to pay $1,500.00 in attorney fees. The father's subsequent petitions for a writ of supersedeas pending appeal were denied by the family court and the Supreme Court.

On appeal, the father argues for the first time that, pursuant to the provision of the Uniform Interstate Family Support Act (UIFSA), S.C. Code Ann. § 20-7-960, through -1166 (Supp. 1995), the family court lacked subject matter jurisdiction to hear the mother's petition for modification of the Virginia child support order.[1] While neither party

---

[1] We address the issue of subject matter jurisdiction despite the father's failure to bring the issue to the attention of the trial court. *See GNOC Corp. v. Estate of Rhyne*, 312 S.C. 86, 439 S.E. (2d) 274 (1994) (the lack of subject matter jurisdiction cannot be waived or conferred by consent and may be raised at any time during the proceedings).

contested the applicability of UIFSA to the facts of this case in their briefs or during oral arguments, the mother, in her petition for rehearing, asserts provisions of URESA, not UIFSA afforded the family court subject matter jurisdiction to modify the Virginia support order. We agree.

UIFSA, which replaced URESA, became effective in South Carolina on July 1, 1994. The order modifying the father's child support obligation was issued by the Charleston family court on July 15, 1994.

UIFSA addresses the creation, enforcement, and modification of child support orders affecting residents of different states. Undoubtedly, the authority vested in South Carolina courts to modify an order of support issued from a foreign jurisdiction is not without limitation and, in fact, is specifically limited under UIFSA. Section 20-7-1152(A) of UIFSA sets forth specific circumstances under which a South Carolina family court may modify the child support order of another state.

The express language of § 20-7-1152(A) limits the jurisdictional authority of South Carolina courts to hear petitions for modification of foreign support orders to cases where (1) all of the requirements set forth in subsection (A)(1) are satisfied, or (2) all of the requirements set forth in subsection (A)(2) are satisfied. Neither of the two subsections are satisfied under the facts of the instant case. Subsection (A)(1) is inapplicable because the father still resides in the issuing state and because the plaintiff herein, the mother, is not a nonresident. Subsection (A)(2) is inapplicable as well because the parties have not filed the requisite agreement in the Virginia court conferring jurisdiction to the South Carolina family court.

Without question, the Charleston County family court is not afforded subject matter jurisdiction to hear the mother's claim pursuant to § 20-7-1152(A) of UIFSA. The mother, however, now argues the provisions of § 20-7-1155 of URESA afford the family court jurisdiction.

S.C. Code Ann. § 20-7-1155 provides that upon registration, a "foreign support order must be treated in the same manner as a support order issued by a court of this state." The courts appear to have treated this language literally. *See Balestrine v. Jordan*, 275 S.C. 442, 272 S.E. (2d) 438 (1980) (family court

had subject matter jurisdiction under URESA to increase the amount of support and granted in out-of-state decree upon a showing of changed circumstances); *Donn-Griffin v. Donn,* 615 A. (2d) 253 (Me. 1992) (registered foreign support order was treated like a Maine support order under revised URESA and, thus, a Maine trial court had authority to modify the order); *Hudgins v. Hudgins,* 80 Ohio App. (3d) 707, 610 N.E. (2d) 582 (1992) (trial court can modify properly registered foreign child support order, if it has personal jurisdiction over obligor under the order); *Bjugan v. Bjugan,* 710 P. (2d) 213 (Wyo. 1985) (authority was vested in Wyoming court under URESA to modify support provision of Iowa divorce decree on receiving wife's proper request for registration of the divorce decree); *In re Marriage of Aron,* 224 Cal. App. (3d) 1086, 274 Cal. Rptr. 357 (1990) (child support obligor under URESA could seek modification of the order either after it has been confirmed or at the preconfirmation hearing); *Commonwealth ex rel Ball v. Musiak,* 775 S.W. (2d) 524 (Ky. Ct. App. 1989) (after a foreign support order is registered in a URESA proceeding in Kentucky, the order is treated the same as a support order issued by a Kentucky court and the obligee thereunder may seek modification of the order pursuant to state statute); *Bullard v. Bullard,* 144 Vt. 627, 481 A. (2d) 1049 (1984) (once a foreign support order was registered in Vermont, it had the same force and effect as if it were issued by a Vermont court); *Indiana ex rel Greebel v. Endsley,* 269 Ind. 174, 379 N.E. (2d) 440 (1978) (under URESA, a foreign support order, when confirmed by an Indiana court, becomes for all intents and purposes an Indiana support order); *Monson v. Monson,* 85 Wis. (2d) 794, 271 N.W. (2d) 137 (Ct. App. 1978) (an obligor may request retroactive as well as prospective modification of a support order at any time after it has been registered in Wisconsin).

Act No. 494, § 3, 1994 S.C. Acts 5103 at 5123, contains the following pertinent provisions in its savings clause:

> After the effective date of this act, all laws repealed or amended by this act must be taken and treated as remaining in full force and effect for the purpose of sustaining any pending or vested right, civil action, special proceeding, criminal prosecution, or appeal existing as of the effective date of this act and for the enforcement of

rights, duties, penalties, forfeitures, and liabilities as they stood under the repealed or amended laws.

While the general rule is that the repeal of a statute without a savings clause operates retroactively to blot out pending claims, *State v. Rider,* — S.C. —, 466 S.E. (2d) 367 (1996); *Taylor v. Murphy,* 293 S.C. 316, 360 S.E. (2d) 314 (1987), it is clear that a proper savings clause will have the effect of preserving a pending suit. *State of South Carolina v. Gaillard,* 101 U.S. 433, 25 L.Ed. 937 (1879); 20 Am. Jur. (2d) *Courts* § 112 (1995). Manifestly, the savings clause at issue preserved the family court's jurisdiction to modify the Virginia support order under § 20-7-1155 of URESA.

Accordingly, we find the family court had subject matter jurisdiction to modify the Virginia child support order. We therefore affirm that order. We hold that the father's claim relative to the family court's lack of personal jurisdiction over him is manifestly without merit and we dispose of it under the provisions of Rule 220(b)(2), SCACR and S.C. Code Ann. § 14-8-250 (Supp. 1995).

Affirmed.

GOOLSBY and HEARN, JJ., concur.