SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES OBO LINDA RATTEREE, PLAINTIFF v. GERALD HAMLETT, DEFENDANT

No. COA00-138

(Filed 20 March 2001)

**Child Support, Custody, and Visitation— support modification—not a clerical error—affected substantive rights—beyond trial court's authority**

    The trial court did not have authority under N.C.G.S. § 1A-1, Rule 60(a) to enter an order purportedly modifying its prior child support order entered nine years earlier that registered a South Carolina order and now attempts to add in its order that the prior South Carolina child support order is specifically nullified, because: (1) the modified order did not correct a clerical error under N.C.G.S. § 1A-1, Rule 60(a), but substantially changed the earlier order; and (2) the revisions impermissibly affected plaintiff mother's substantive rights to receive child support arrearages under a foreign consent judgment.

Appeal by plaintiff from order entered 30 November 1999 by Chief Judge James W. Morgan in Cleveland County District Court. Heard in the Court of Appeals 20 February 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Gerald K. Robbins and Associate Attorney General Brenda Eaddy, for plaintiff appellant.*

*Horn, Pack & Brown, P.A., by Becky J. Brown, for defendant appellee.*

McCULLOUGH, Judge.

Two minor children were born to the marriage of plaintiff Linda Rutledge (now, Ratteree) and defendant Gerald Hamlett. Following their separation, plaintiff and defendant reached an agreement whereby plaintiff received custody of the two children. Defendant had reasonable visitation rights with the children and agreed to pay $450.00 each month for their support beginning 15 October 1984. The Family Court for York County, South Carolina (Family Court), granted a divorce to the parties by decree filed 9 October 1984, which incorporated the parties' agreement. By Order filed 20 July 1989, the Family Court granted the motion of the South Carolina Department of Social Services to restore the case to active status and to require defendant to resume making child support payments as previously ordered; the matter of defendant's arrearage was held in abeyance.

Following the entry of the 20 July 1989 order, defendant moved to Cleveland County, North Carolina. The following year, the South Carolina Department of Social Services made a request on behalf of plaintiff that the 20 July 1989 order be registered in North Carolina pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA). Defendant was notified of the request for registration and was represented by counsel at a hearing on the request. By order filed on 4 December 1990, a District Court Judge in Cleveland County ordered that the South Carolina order of 20 July 1989 be registered and that defendant pay the ordered amount of $450.00 per month beginning 15 December 1990. Defendant moved the Cleveland County District Court for a reduction in his child support obligation based on a change in his financial condition. That motion was granted by order entered on 30 January 1991 by District Court Judge James W. Morgan, whose order reduced defendant's child support obligation to $70.00 per week, and reduced his arrearage since the order was registered in North Carolina to $285.00. By Order filed 22 May 1991, Judge Morgan reduced defendant's support obligation to $40.00 per week, plus $5.00 per week on his arrearages. There were no appeals or requests to reconsider either of Judge Morgan's orders.

By letter dated 30 September 1996, an agent of the Paternity and Support Unit of the Cleveland County Department of Social Services notified Child Support Enforcement in South Carolina and plaintiff that it was closing the child support case because the parties' younger child had become eighteen years old, and defendant had paid all arrearages. Plaintiff notified defendant that he still owed a child support arrearage, and the South Carolina Family Court ordered defendant's wages withheld to satisfy his child support obligation and arrearage. Defendant responded that both children had reached the age of majority, and that he owed no arrearage in his support obligation.

The South Carolina Family Court concluded that North Carolina had "effectively modified" the 20 July 1989 South Carolina order, and that defendant had satisfied his obligation under the North Carolina order. On appeal, the South Carolina Court of Appeals held that the South Carolina Code

> clearly provides that a support order made by a court of this State is not nullified by a support order made by a court of another state unless specifically provided by the court. In this case, neither of the North Carolina orders specifically nullified the original South Carolina order. Section 20-7-1110 permits the existence of multiple support orders while requiring an obligor's payments be credited against amounts accruing under other orders.

*Ratteree v. Hamlett*, 330 S.C. 321, 325, 498 S.E.2d 888, 890 (1998). Accordingly, the South Carolina Court of Appeals reversed the order of the Family Court and remanded the case for a determination of defendant's accrued arrearage under the South Carolina order. *Id.* at 326, 498 S.E.2d at 891.

Defendant then filed a motion in the Cleveland County District Court pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure, asking that the Court correct its order of 30 January 1991 by adding a paragraph specifically nullifying the South Carolina judgment to the decretal portion of the order. By order entered 30 November 1999, Chief District Court Judge Morgan found that he intended to modify and nullify the South Carolina order in his order entered in 1991, and that his failure to use specific language accomplishing that purpose was a "clerical error." Judge Morgan concluded that his January 1991 order should be corrected, and amended it by completely rewriting the first paragraph of the decretal portion of his

order to provide that "the South Carolina Order is specifically nulli-fied . . . ." Plaintiff appealed, assigning errors.

Plaintiff contends that the trial court's purported modification of its order entered nine years earlier did not correct a "clerical error," but substantially changed the earlier order, thereby prejudicially affecting her rights under the South Carolina child support order. We agree and vacate the order of the trial court.

Rule 60 of the North Carolina Rules of Civil Procedure is entitled "Relief from judgment or order." N.C. Gen. Stat. § 1A-1, Rule 60 (1999). Rule 60(a) allows a court to correct clerical errors in a judg-ment or order at any time, stating in pertinent part that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders.

*Id.* This Court has consistently held that Rule 60(a) applies to clerical omissions or errors only, and may not be used to change the substan-tive rights of the parties. *Hinson v. Hinson*, 78 N.C. App. 613, 615, 337 S.E.2d 663, 664 (1985), *disc. review denied*, 316 N.C. 377, 342 S.E.2d 895 (1986); *Insurance Co. v. Johnson*, 41 N.C. App. 299, 301, 254 S.E.2d 643, 644 (1979); *Snell v. Board of Education*, 29 N.C. App. 31, 33, 222 S.E.2d 756, 757 (1976).

In *Hinson*, plaintiff-wife sought a divorce from bed and board, custody, alimony and child support. She and defendant-husband entered into a consent judgment whereby plaintiff received exclusive possession of the marital residence, assuming all liability under the judgment for the mortgage, tax, insurance, and other payments aris-ing on the property. The judgment further provided that "[u]pon a sale of said residence, the proceeds shall be divided equally by the par-ties." *Hinson*, 78 N.C. App. at 614, 337 S.E.2d at 663. Two years later, plaintiff filed a motion pursuant to Rule 60(a), seeking a correction to the judgment. She alleged that "the judgment should have provided that she be responsible for payments on the mortgage only while she resided in the house and that the sale proceeds should be divided equally after payment of the existing mortgage indebtedness." *Id.* at 614-15, 337 S.E.2d at 663. Otherwise, argued plaintiff, she could be forced to pay the entire mortgage indebtedness out of her share of the sale price. The trial court agreed that the oversight had been a cleri-

cal error and entered an order under Rule 60(a), adding the language "for so long as plaintiff continues to reside in the marital residence" following the name of the mortgage lender in the section where plaintiff's debts were listed, and inserting the word "net" before the word "proceeds" in the quoted sentence.

On appeal, this Court stated that "[w]e have repeatedly rejected attempts to change the substantive provisions of judgments under the guise of clerical error" and determined that "[t]he relief granted . . . here clearly was substantive in nature and therefore not available under Rule 60(a)." *Id.* at 616, 337 S.E.2d at 664. Accordingly, the Court held that the trial court was without authority under Rule 60(a) to enter the order.

Here, the trial court substantially altered its earlier 30 January 1991 order, which provided in pertinent part:

That the defendant's support obligation be and is hereby reduced and the defendant is ordered to pay into the Office of the Clerk of Superior Court of Cleveland County the sum of $70.00 per week for the use and benefit of his minor children, with the first payment to be made on or before Friday, February 1, 1991, and a like payment each and every week thereafter until further Order of the Court.

The trial court's amended order entered 30 November 1999 reads:

That the Defendant's support obligation be and is hereby reduced, *that the South Carolina Order is specifically nullified,* and Defendant is ordered to pay into the Office of the Clerk of Superior Court of Cleveland County the sum of $70.00 per week for the use and benefit of his minor children, with the first payment to be made on or before Friday, February 1, 1991, and a like payment each and every week thereafter until further order of the Court.

(Emphasis added.)

The trial court's amendment, rather than merely correcting a clerical error, clearly and substantially altered its earlier order. Further, the change by the trial court prejudiced the rights of plaintiff to receive the amount of child support ordered by the South Carolina Court by effectively reducing the amount of that arrearage to zero. *See Buncombe County, ex rel. Andres v. Newburn,* 111 N.C. App. 822, 827, 433 S.E.2d 782, 785, *disc. review denied,* 335 N.C. 236, 439 S.E.2d 143 (1993) (vacating an order amended under Rule 60(a) because the

revisions impermissibly affected plaintiff's substantive rights to receive child support arrearages under a foreign consent judgment). We hold that the trial court was without authority under Rule 60(a) to enter such an order. Since the order was beyond the authority of the trial court, it is hereby

Vacated.

Judges GREENE and HUDSON concur.