THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
S.C. Department of Social Services, County of
Siskiyou, and Debra J. 
 Little, Plaintiffs, 
Of Whom, S.C. Department of Social Services is,
Appellant,
v.
Michael D. Martin, Respondent.
 
 
 
 

Appeal From Greenwood County
 Billy A. Tunstall, Jr., Family Court 
 Judge

Unpublished Opinion No.
2004-UP-540  
Submitted October 1, 2004  Filed October 25, 2004 

REVERSED AND REMANDED

 
 
 
Holly C. Walker, of Columbia, for Appellant.
Billy J. Garrett, Jr., C. Rauch Wise, both of Greenwood, 
 for Respondent.
 
 
 

PER CURIAM:  In April 2003 the family court 
 issued a civil contempt order against Michael Martin for failure to pay child 
 support under a November 18, 1986 California support order.  Martin filed a 
 motion for emergency temporary relief, claiming that an order issued in South 
 Carolina on May 8, 1990 modified the California order.  Upon reconsideration, 
 the judge vacated his 2003 order after determining the 1990 order terminated 
 Martins obligations under the California order. We reverse and remand. 
 [1]   
FACTS 
Debra Little and Michael 
 Martins marriage, which began in 1978, produced two children, Trenton and Lisa.  
 After a period of separation, the couple divorced in 1986 in Siskiyou County, 
 California.  The court granted custody of Lisa to Little and custody of Trenton 
 to Martin.  On November 18, 1986, the Siskiyou County Family Support Division 
 ordered Martin to pay $303 per month in child support for Lisa.
On February 27, 1989, the 
 Siskiyou County District Attorney sent a request to the South Carolina Department 
 of Social Services (SCDSS) to enforce the November 18, 1986 order pursuant to 
 the Uniform Reciprocal Enforcement of Support Act 
 [2] (URESA).  Siskiyou County and Little also sought $11,831.00 
 for medical coverage and arrearage of past due support payments.  SCDSS served 
 Martin with the URESA request, which he answered on April 5, 1990.  
Prior to a hearing on April 
 25, 1990, the county and Little entered into an agreement with Martin to reduce 
 Martins child support payments. The agreement was then incorporated into an 
 order issued on May 8, 1990.  Per the order, Martin was to pay $30.00 per week 
 in child support and $10.00 per week toward the arrearage, which was to be determined 
 within 30 days of the date of the order.  The parties did not appeal the order 
 nor did the court determine the arrearage. 
At some point after May 
 8, 1990, the Greenwood County Clerk of Court issued two rules to show cause 
 for failure to pay child support.  As a result, on April 23, 2003, nearly thirteen 
 years later, Martin appeared pro se to defend SCDSSs allegations 
 that he was in willful contempt of Californias 1986 child support order.  During 
 the hearing, the SCDSS attorney failed to bring the May 8, 1990 South Carolina 
 order to the courts attention.  As a result, the judge issued an order enforcing 
 the November 18, 1986 California order.  
Martin filed a motion for 
 emergency temporary relief and a hearing was held on June 25, 2003.  On October 
 17, 2003, the judge issued an order vacating his previous order and enforcing 
 the May 8, 1990 order, stating that the court would not have issued the April 
 23, 2003 order had it known about the May 8, 1990 order. [3]   The order also stated that the May 8, 1990 
 order was the final order in this matter determining [Martins] child support 
 obligations, and [the May 8, 1990] final order ended [Martins] prospective 
 California child support obligations.  This appeal followed. 
STANDARD OF REVIEW
On appeal from a family court order, the appellate 
 court has jurisdiction to find facts in accordance with their own view of the 
 preponderance of the evidence.  Roberson v. Roberson, 359 S.C. 384, 388, 597 S.E.2d 840, 842 (Ct. App. 2004).  
 The appellate court should not, however, disregard the findings of the trial 
 judge who observed the witness and was better able to assess their credibility. 
  Patel v. Patel, 359 S.C. 515, 523, 599 S.E.2d 114, 119 (2004).  Cases 
 involving child support are ordinarily left to the discretion of the family 
 court and will only be disturbed on appeal upon a showing of abuse of discretion.  
 Townsend v. Townsend, 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct. App. 
 2003).  Abuse of discretion arises when the court is controlled by an error 
 of law or the order lacks evidentiary support.  Id.
LAW/ANALYSIS
SCDSS argues that the trial 
 court erred in finding the May 8, 1990 South Carolina support order was final 
 and terminated Martins prospective California child support obligations.  We 
 agree.   
The parties agree that the 
 applicable law governing this case is URESA, formerly found in sections 20-7-960 
 to 1170 of South Carolina Code (1985). [4]   Section 20-7-933 of the South 
 Carolina Code (Supp. 2003) grants the family court authority to enforce orders 
 regarding child support, including cases in which the family court has jurisdiction 
 based on URESA.  Section 20-7-933 also provides that the family court has the 
 right to modify any such decree, judgment, or order for child support as the 
 court considers necessary upon a showing of changed circumstances.  S.C. Code 
 Ann. § 20-7-933 (Supp. 2003).  Therefore, the South Carolina family court had 
 authority to enforce and modify the 1986 California support order when SCDSS 
 sought to enforce the California order on behalf of Siskiyou County and Little.  

Section 20-7-1110, however, 
 provides that [a] support order made by a court of this State . . . does not 
 nullify and is not nullified by a support order made by a court of this State 
 pursuant to any other law or by a support order made by a court of any other 
 state . . . unless otherwise specifically provided by the court.  S.C. Code 
 Ann. § 20-7-1110 (1985).  Section 20-7-1110 clearly provides that a support 
 order made by a court of this State is not nullified by a support order made 
 by a court of another state unless specifically provided by the court.  South 
 Carolina Dept of Social Services v. Hamlett, 330 S.C. 321, 325, 498 S.E.2d 
 888, 890 (Ct. App. 1998).  Thus, in Hamlett, we held that a South Carolina 
 child support order continued as an independently enforceable order regardless 
 of its registration and modification in a foreign state unless specifically 
 nullified by the court pursuant to section 20-7-1110.  Id. at 326, 498 
 S.E.2d at 890-91.
More recently, in SCDSS/Child 
 Support Enforcement v. Carswell, 359 S.C. 424, 597 S.E.2d 859 (Ct. App. 
 2004), SCDSS sought registration and enforcement of a Washington child support 
 order in South Carolina under URESA. [5]   In Carswell, as in this 
 case, the parties had entered into an agreement to reduce the amount the obligor 
 was required to pay, which was then incorporated into one of three South Carolina 
 family court orders.  Id. at 427, 597 S.E.2d at 860. Upon examination 
 of the original order and the subsequent South Carolina orders, we held that 
 because the subsequent South Carolina orders merely recognized the Washington 
 order, the orders did not rise to the level of a nullification of the Washington 
 order.  Id. at 430, 597 S.E.2d at 861.  Therefore, the original Washington 
 order remained valid and independently enforceable in South Carolina.  Id. 
 

In this case, the May 8, 
 1990 order does not provide any indication that it was intended to nullify the 
 California order.  The 1990 order does not specifically mention the 1986 order, 
 nor does it specify it was intended to nullify the 1986 order.  Therefore, the 
 May 8, 1990 order did not nullify the 1986 California order and the California 
 order remains independently enforceable in South Carolina.
REVERSED AND REMANDED.
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] Formerly found in S.C. Code Ann. §§ 20-7-960 to 
 1170 (1985); Act No. 356, 1984 S.C. Acts 1640.     

 
 
 [3] The court took judicial notice in its October 17, 2003 order that 
 Martins daughter, Lisa, turned 18 years old on February 17, 1997 and she 
 was the only child Martin was ordered to support prospectively from May 8, 
 1990.  Therefore, Martins prospective South Carolina child support ended 
 on February 17, 1997.

 
 [4] On July 1, 1994, the South Carolina 
 Legislature enacted the Uniform Interstate Family Support Act (UIFSA), which 
 replaced URESA.  S.C. Code Ann. §§ 20-7-960 to 1220 (Supp. 2003); Act No. 
 494, 1994 S.C. Acts 5103.  This court has interpreted UIFSA to require application 
 of URESA to support actions arising before July 1, 1994, the effective date 
 of UIFSA.  Deltoro v. McMullen, 322 S.C. 328, 471 S.E.2d 742 (Ct. App. 
 1996).  The initial support obligation in this action arose in 1986, which 
 was prior to UIFSAs July 1, 1994 effective date.  Therefore, URESA, not UIFSA, 
 is the controlling law in this action.

 
 
 [5] We note that the trial judge did not have the benefit of the Carswell 
 opinion when he issued the October 17, 2003 order because it had not yet been 
 decided.