637 S.E.2d 310

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, COUNTY OF SISKIYOU, and Debra J. Little, Plaintiffs,**

**Of whom, S.C. Department of Social Services is, Respondent,**

v.

**Michael D. MARTIN, Petitioner.**

**No. 26218.**

Supreme Court of South Carolina.

Heard Sept. 20, 2006.

Decided Nov. 6, 2006.

Rehearing Denied Dec. 6, 2006.

C. Rauch Wise, of Greenwood; and Billy J. Garrett, Jr., of The Garrett Law Firm, of Greenwood, for Petitioner.

Holly C. Walker, of Columbia, for Respondent.

Justice BURNETT:

The family court issued a civil contempt order against Michael D. Martin (Petitioner) for failure to pay child support pursuant to a California support order. Petitioner filed a motion for reconsideration and the family court vacated its order. The Court of Appeals reversed. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner and Debra J. Little divorced in Siskiyou County, California. The California Superior Court issued a divorce decree in 1986, granting custody of the couple's daughter to Little and custody of the couple's son to Petitioner. The court also issued a child support order (the 1986 California order), requiring Petitioner to pay $303.00 per month for the support of his daughter. Thereafter, Petitioner moved to South Carolina and established his residence in Greenwood County.

In 1989, Siskiyou County and Little filed a summons and complaint in Greenwood County accompanied by a support petition pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), S.C.Code Ann. §§ 20-7-960 to -1170 (1985). The petition sought support in the amount of $326.00 per month, as well as medical coverage and arrearages. A copy of the 1986 California order was attached to the petition.

Prior to the hearing, the parties reached an agreement which was incorporated into an order issued by the family court in 1990 (the 1990 South Carolina order). The 1990 South Carolina order required Petitioner to pay $30 per week for support of the couple's daughter and $10 per week toward the arrearage. It referred to the prior California order but did not explicitly nullify it.

In 2003, the family court found Petitioner in civil contempt for failure to pay support under the 1986 California order. Petitioner filed a motion for temporary relief asking the family court to stay prospective child support. South Carolina Department of Social Services (DSS) argued that Petitioner was responsible for the arrearage under the 1986 California order because that order had not been extinguished by the 1990 South Carolina order. Petitioner argued that the 1990 order modified the 1986 California order. Because that agreement was not appealed, Petitioner argued that the 1990 South Carolina order became the law of the case.

The family court vacated its prior civil contempt order and held it did not have legal authority to overrule the final order of another family court judge. The family court determined it would not have issued the civil contempt order had it been aware of the 1990 South Carolina order.

DSS appealed the matter and the Court of Appeals reversed. The Court of Appeals held the family court erroneously determined the 1990 South Carolina order was final and terminated Petitioner's prospective California support obligations. Applying URESA, the Court of Appeals determined the family court had authority to modify and enforce the 1986 California order based on S.C.Code Ann. § 20–7–933 (Supp. 2003), which provides the family court has "the right to modify any such decree, judgment, or order for child support as the court considers necessary upon a showing of changed circumstances."

The Court of Appeals also relied on what is commonly known as the anti-nullification clause found in S.C.Code Ann. § 20–7–1110 (1985) (amended 1994): "A support order made by a court of this State pursuant to this subarticle does not nullify and is not nullified by ... a support order made by a court of any other state ... unless otherwise specifically provided by the court." The Court of Appeals held that the 1986 California order remained independently enforceable in South Carolina because the 1990 South Carolina order did not indicate it was intended to nullify the California order.

### ISSUE

Did the Court of Appeals err in holding the 1990 South Carolina order did not nullify the 1986 California order?

### STANDARD OF REVIEW

On appeal from the family court, this Court has the authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. *E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992). However, this broad scope of review does not require this Court to disregard the family court's findings. *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005). Questions concerning child support are ordinarily committed to the discretion of the family court, whose conclusions will not be disturbed on appeal absent a showing of an abuse of discretion. *Dearybury v. Dearybury*, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002); *Townsend v. Townsend*, 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct.App.2003).

### LAW/ANALYSIS

■ The applicable law governing the case is URESA, S.C.Code Ann. §§ 20–7–960 to 1170 (1985).[1] The purpose of URESA is to "improve and extend by reciprocal legislation the enforcement of duties of support." S.C.Code Ann. § 20–7–965 (1985). Section 20–7–933 (Supp.2005) gives courts the authority to enforce orders regarding child support and the right to modify support orders upon a showing of changed circumstances. *See, e.g., Balestrine v. Jordan,* 275 S.C. 442, 443, 272 S.E.2d 438 (1980) ("A decree of support may be increased, decreased or terminated due to a change in circumstances . . . ."). URESA allows orders issued in other states to be registered and enforced in South Carolina as if issued by a court of this State. S.C.Code Ann. § 20–7–1150 & –1155 (1985). URESA remedies "are in addition to and not in substitution for any other remedies." S.C.Code Ann. § 20–7–975 (1985). URESA remedies "are in addition to and not in substitution for any other remedies." S.C.Code Ann. § 20–7–975 (1985).

Petitioner argues the 1990 South Carolina order modified the 1986 California order such that it extinguished his obligations under the prior order. We disagree.

In *Carswell,* the Court of Appeals held that a Washington support order remained extant and enforceable when South Carolina support orders recognized but did not specifically nullify the Washington order. *SCDSS/Child Support Enforcement v. Carswell,* 359 S.C. 424, 430, 597 S.E.2d 859, 861 (Ct.App.2004). After Carswell moved to South Carolina from Washington, the family court modified the amount of support due under a Washington support order but never explicitly nullified the Washington order. *Id.* at 427, 597 S.E.2d at 860. Thereafter, DSS sought registration and enforcement of the Washington order in South Carolina pursuant to URESA. *Id.* The family court refused to enforce the Washington order

---

1. In 1994, URESA was replaced by the Uniform Interstate Family Support Act (UIFSA), S.C.Code Ann. § 20–7–960 to 1170 (Supp.2005). URESA continues to apply, however, to the enforcement of rights, liabilities, duties, and forfeitures as they stood prior to 1994 under URESA. *South Carolina Dep't of Soc. Servs. v. Hamlett,* 330 S.C. 321, 498 S.E.2d 888 (Ct.App.1998). The initial support obligation in this action arose in 1986, so URESA is controlling.

and held that it had been modified by the South Carolina orders such that only one support order continued to exist. *Id.* Relying on Section 20–7–1110, the anti-nullification provision, the Court of Appeals reversed and held that both the original Washington order and subsequent South Carolina orders remained enforceable. *Id.* at 429–430, 597 S.E.2d at 861. Because the South Carolina orders merely recognized the Washington order, the orders did not rise to the level of a nullification and the Washington order remained valid and enforceable in South Carolina. *Id.*

In the instant case, the 1990 South Carolina order referenced the prior California order, but never explicitly nullified it. Like the order in *Carswell,* the 1990 South Carolina order did not rise to the level of nullification. Therefore, both the 1986 California order and the 1990 South Carolina order are independently enforceable. *See also Hamlett,* 330 S.C. at 326, 498 S.E.2d at 890–891 ("[A] South Carolina support order continues as an independently enforceable order regardless of its registration and modification in a foreign state unless specifically nullified by the court pursuant to section 20–7–1110 [the anti-nullification clause].").

Petitioner argues the unappealed order from 1990 became the law of the case and the parties improperly "relitigated" the 1990 order in 2003. Petitioner's argument is without merit. The 2003 litigation concerned the 1986 California order which remained independently enforceable because the 1990 South Carolina order did not nullify it.

## CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals. The 1990 South Carolina order did not nullify the 1986 California order.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.