648 S.E.2d 601

**CHEM–NUCLEAR SYSTEMS, LLC, Plaintiff,**

**v.**

**SOUTH CAROLINA BOARD OF HEALTH AND ENVIRONMENTAL CONTROL, Defendant,**

**and**

**Sierra Club, Intervenor.**

**No. 26364.**

Supreme Court of South Carolina.

Heard June 20, 2007.

Decided July 23, 2007.

M. Elizabeth Crum, and Sara S. Rogers, both of McNair Law Firm, of Columbia; and Mary D. Shahid, of McNair Law Firm, of Charleston, for Plaintiff.

Carlisle Roberts, Jr., of Columbia, for Defendant.

James S. Chandler, Jr., and Amy E. Armstrong, both of South Carolina Environmental Law Project, of Pawleys Island; and Robert Guild, of Columbia, for Intervenor.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Special Counsel Robert D. Cook, and Assistant Attorney General Thomas Parkin C. Hunter, all of Columbia, for Amicus Curiae.

Justice BURNETT.

We accepted this case in our original jurisdiction to determine the application and effect of Act No. 387, 2006 S.C. Acts

387, ("Act 387") to an appeal pending before the South Carolina Board of Health and Environmental Control (Board) on the effective date of Act 387.

## FACTUAL/PROCEDURAL BACKGROUND

Chem–Nuclear Systems, LLC, ("Chem–Nuclear") operates a low-level radioactive waste disposal facility in Barnwell County. Chem–Nuclear's facility is licensed by the State of South Carolina through the Department of Health and Environmental Control (DHEC). On March 15, 2004, DHEC's Office of Environmental Quality Control renewed Chem–Nuclear's license for the facility.

Sierra Club subsequently filed a contested case with the Administrative Law Court (ALC), challenging the renewal of Chem–Nuclear's license. The ALC upheld the license renewal. *Sierra Club v. S.C. Dep't of Health & Envtl. Control and Chem–Nuclear Sys., LLC,* Docket No. 04–ALJ–07–0126–CC (S.C. Admin. Law Ct. Oct. 13, 2005). Sierra Club then appealed the ALC's decision to the Board pursuant to S.C.Code Ann. § 1–23–610 (2005) *amended by* Act 387 § 5 (codified at S.C.Code Ann. § 1–23–610 (Supp.2006)). Prior to the effective date of Act 387, the Board notified Sierra Club, Chem–Nuclear, and DHEC—the parties to the appeal—that the Board would lose its jurisdiction to hear the appeal when Act 387 became effective. The appeal remained pending before the Board on the effective date of Act 387, and the Board, at the request of the Attorney General, subsequently reversed its position and informed the parties that it did have jurisdiction to hear Sierra Club's pending appeal.

In response, Chem–Nuclear filed this action requesting a declaration that Act 387 deprives the Board of jurisdiction to review the pending appeal in *Sierra Club.*

## ISSUE

Did Act 387 deprive the Board of jurisdiction to hear an appeal from the ALC's decision in *Sierra Club v. South Carolina Department of Health and Environmental Control and Chem–Nuclear Systems, LLC,* Docket No. 04–ALJ–07–0126–CC (S.C. Admin. Law Ct. Oct. 13, 2005),

which was pending before the Board on the date Act 387 became effective?

## *LAW/ANALYSIS*

Act 387, which was signed into law on June 9, 2006, and became effective on July 1, 2006, substantially reformed the South Carolina Administrative Procedures Act in order "to provide a uniform procedure for contested cases and appeals from administrative agencies." Act 387 § 53. Sections 55 and 57 of Act 387 are crucial to the outcome of this declaratory judgment action. These sections provide:

**Savings clause**

SECTION 55. The repeal or amendment by this act of any law, whether temporary or permanent or civil or criminal, does not affect pending actions, rights, duties, or liabilities founded thereon, or alter, discharge, release or extinguish any penalty, forfeiture, or liability incurred under the repealed or amended law, unless the repealed or amended provision shall so expressly provide. After the effective date of this act, all laws repealed or amended by this act must be taken and treated as remaining in full force and effect for the purpose of sustaining any pending or vested right, civil action, special proceeding, criminal prosecution, or appeal existing as of the effective date of this act, and for the enforcement of rights, duties, penalties, forfeitures, and liabilities as they stood under the repealed or amended laws.

**Time effective**

SECTION 57. This act takes effect on July 1, 2006, and applies to any actions pending on or after the effective date of the act. No pending or vested right, civil action, special proceeding, or appeal of a final administrative decision exists under the former law as of the effective date of this act, except for appeals of Department of Health and Environmental Control Ocean and Coastal Resource Management and Environmental Quality Control permits that are before the Administrative Law Court on the effective date of this act and petitions for judicial review that are pending before the circuit court. For those actions only, the department shall hear appeals from the administrative law judges and the circuit court shall hear pending petitions for judicial

review in accordance with the former law. Thereafter, any appeal of those actions shall proceed as provided in this act for review. For all other actions pending on the effective date of this act, the action proceeds as provided in this act for review.

The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature. *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). In ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). The language of a statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose. *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992).

The right of appeal arises from and is controlled by statutory law. *Hagood v. Sommerville,* 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005). Generally, the repeal of a statute without a savings clause operates retroactively to expunge pending claims, but a proper savings clause will have the effect of preserving a pending suit. *S.C. Dep't of Natural Res. v. McDonald,* 367 S.C. 531, 535, 626 S.E.2d 816, 818 (Ct.App. 2006); *Deltoro v. McMullen,* 322 S.C. 328, 333, 471 S.E.2d 742, 745 (Ct.App.1996), *superseded by statute on other grounds as stated in Badeaux v. Davis,* 337 S.C. 195, 522 S.E.2d 835 (Ct.App.1999). Accordingly, Sierra Club's pending appeal was preserved by Section 55, a savings clause, in Act 387.

Prior to the enactment of Act 387, the Board had jurisdiction to review final decisions of the ALC, *i.e.,* Sierra Club's appeal. S.C.Code Ann. § 1–23–610 (2005) *amended by* Act 387 § 5 (codified at S.C.Code Ann. § 1–23–610 (Supp. 2006)). Yet, under Act 387, the Court of Appeals has jurisdiction over appeals from final decisions of the ALC. *See* Act 387 §§ 5, 15.[1] In this action, we must determine whether Act 387

---

1. Section 5 of Act 387 (codified at S.C.Code Ann. § 1–23–610 (Supp. 2006)) states, in relevant part:

   (A) For quasi-judicial review of any final decision of an administrative law judge of cases involving departments governed by a board or commission authorized to exercise the sovereignty of the State, ex-

changed the forum for Sierra Club's pending appeal from the Board to the Court of Appeals.

Section 57 requires Act 387 to apply "to any actions pending on or after the effective date." Clearly, Sierra Club's appeal was pending on the effective date of Act 387. However, Section 57 creates an exception to this general rule of applicability and mandates the former law continue to apply to "appeals of Department of Health and Environmental Control . . . [Office of] Environmental Quality Control permits that are before the Administrative Law Court on the effective date of this act and petitions for judicial review that are pending before the circuit court." The license at issue in this case was renewed by DHEC's Office of Environmental Quality Control, but the ALC was divested of jurisdiction and the Board obtained jurisdiction over the case when Sierra Club filed a petition for review of the ALC's decision with the Board. *See generally Jackson v. Speed,* 326 S.C. 289, 311, 486 S.E.2d 750, 761 (1997) (service of notice of intent to appeal divests the lower court of jurisdiction over the order appealed). Therefore, Sierra Club's appeal was before the Board, not the ALC or the circuit court, on the effective date of Act 387, and

---

cept the Department of Natural Resources and the Department of Health and Environmental Control, a petition by an aggrieved party must be filed with the appropriate board or commission and served on the opposing party not more than thirty days after the party receives the final decision and order of the administrative law judge. Appeal in these matters is by right. A party aggrieved by a final decision of a board in such a case is entitled to judicial review of that decision by the court of appeals under the provisions of (A) of this section.

(B) For judicial review of a final decision of an administrative law judge of cases in which review is not governed by subsection (A), including cases involving the Department of Natural Resources and the Department of Health and Environmental Control, a notice of appeal by an aggrieved party must be served and filed with the court of appeals as provided in the South Carolina Appellate Court Rules in civil cases and served on the opposing party not more than thirty days after the party receives the final decision and order of the administrative law judge. Appeal in these matters is by right.

Section 15 of Act 387 (codified at S.C.Code Ann. § 14–8–200 (Supp. 2006)) provides the Court of Appeals with "jurisdiction over any case in which an appeal is taken from an order, judgment, or decree of the circuit court, family court, a final decision of an agency, or a final decision of an administrative law judge. This jurisdiction is appellate only . . . ."

consequently, the exception in Section 57 to apply the former law to certain cases that were pending before the ALC or circuit court on July 1, 2006, is not applicable to Sierra Club's appeal. *See Carolina Power & Light Co. v. City of Bennettsville,* 314 S.C. 137, 139, 442 S.E.2d 177, 179 (1994) ("When statutory terms are clear and unambiguous, there is no room for construction and courts are required to apply them according to their literal meaning."). Pursuant to the plain language of Section 57, the Board does not currently have jurisdiction over the appeal in *Sierra Club.*

Sierra Club opposes this construction of Sections 55 and 57. Sierra Club contends this construction leaves it without an avenue for an appeal because it can no longer timely perfect an appeal in the Court of Appeals. *See* Rule 203, SCACR (requiring notice of appeal to be filed within 30 days after receipt of the decision); Act 387 § 5 (codified at S.C.Code Ann. § 1–23–610 (Supp.2006)) (same). This argument is without merit. Section 55, the savings clause, acts not only to preserve Sierra Club's right to appeal the ALC's final decision but also to preserve Sierra Club's perfected appeal of the decision. *See Deltoro,* 322 S.C. at 333, 471 S.E.2d at 745 ("[A] proper savings clause will have the effect of preserving a pending suit."). Because Section 55 preserves Sierra Club's pending appeal, Sierra Club is not required to re-perfect its appeal in the Court of Appeals; instead, Section 57 effectively transfers jurisdiction to the Court of Appeals of Sierra Club's appeal. *See* Act 387 § 57 ("For all other actions pending on the effective date of this act, the action proceeds as provided in this act for review."); *Cf.* Rule 204(a), SCACR ("In the event that the notice of appeal is filed in the wrong appellate court, the appellate court in ... which the matter is filed shall issue an order transferring the case to the appropriate appellate court.").

## CONCLUSION

We declare the Board does not have jurisdiction under Act 387 to hear the pending appeal in *Sierra Club,* but the Court of Appeals has jurisdiction over the appeal. Accordingly, we

order the appeal in *Sierra Club* be transferred to the Court of Appeals pursuant to Section 57 of Act 387.

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.