SARAH P. VANDOOREN v. PETER VANDOOREN

No. 753DC547

(Filed 15 October 1975)

**Divorce and Alimony § 19; Judgments § 6— alimony award — judgment changed two years later — error**

In an action for alimony without divorce, child custody, and child support where the court ordered that plaintiff wife have the use and benefit of the family home and make what use of the property as she deemed necessary, including the right to rent the guest home located on the property, the trial court erred in changing that judgment some two years later to provide that the guest house rental be credited against alimony on the ground of mistake in the original order.

APPEAL by plaintiff from *Wheeler, Judge.* Order entered 29 April 1975 in District Court, CARTERET County. Heard in the Court of Appeals 16 September 1975.

In May 1973, plaintiff-wife brought action for alimony without divorce, child custody, and child support. After hearing, by order dated 16 May 1973, the court granted to plaintiff custody of the two children and ordered defendant-husband to pay $800 per month alimony pendente lite and $200 per month child support; it was further ordered that she have the use and benefit of the family home located on Bogue Sound and "shall be entitled to make what use of said property as she

deems necessary and requisite, including the right to rent the guest home located on said property."

On 7 November 1974, defendant moved for a reduction in the payments required of him under the order of 16 May 1973, "for the reason that, having had eighteen (18) months experience operating under the prior order, respondent is now able to show a vast inequity in the distribution of income . . . ."

In the hearing on 21 November 1974, the evidence for the defendant-husband tended to show that his income since the original order of 16 May 1973 had increased, but that there had been an even greater increase in his expenses, a major item being federal income tax and penalty for the year 1972 in the total sum of $15,565. The plaintiff testified that she had been renting the guest house since November 1973 for $130 per month.

On 29 April 1975, Judge Wheeler entered two orders. In one he held that defendant had failed to show that there had been a change in circumstances entitling him to a reduction in the payments provided for in the May 1973 order. In the second order he stated that his intention in the original order was to provide that any money received by plaintiff as rent for the guest house be credited against defendant's alimony payments, and he ordered the May 1973 order amended to reflect this intention.

From this order, plaintiff appeals.

*Wheatly & Mason, P.A. by L. Patten Mason for plaintiff appellant.*

*Sherman T. Rock for defendant appellee.*

CLARK, Judge.

Plaintiff's only assignment of error is that the court erred by amending on its own motion the original pendente lite order to provide that the guest house rental be credited against alimony, on the grounds of mistake in the original order.

G.S. 50-16.9 provides that "An order . . . for alimony or alimony pendente lite . . . may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested. . . . " The judge entered findings of fact that defendant's income during

the eighteen-month period had increased but that he was not entitled to modification of the original order on the grounds of change of circumstance.

In *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970), the court held that a court is not warranted in modifying or changing a prior valid order absent a showing of a change in conditions.

The basis for the court's change in the original order is that "upon examination of the trial notes and upon the personal recollection, it appears to the trial Judge that he intended for the Defendant to have credit for the rentals on the guest cottage . . . . " The court then found as a fact that said credit was omitted from the original order by mistake.

At the hearing, more than five months before the amending order was entered, defendant did not contend that there was any error or mistake in the original order; nor is there anything in the record relating to said hearing to indicate that the trial judge then considered that there was error in or misunderstanding about the provisions of the original order.

This was an apparent attempt to amend the order pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. However, we find that neither Rule 60(a) nor 60(b) justifies such a decision by the court. While courts have always had the inherent authority to correct clerical errors or errors of expression in a judgment, they have never been deemed to have the authority, outside of a term, to correct an error in decision, or to amend a judgment so as to adversely affect the rights of third parties. *H & B Company v. Hammond,* 17 N.C. App. 534, 195 S.E. 2d 58 (1973).

We find that the court in this case did not correct a mistake but changed a judgment. The amending order appealed from is vacated and this cause is remanded to the District Court.

Vacated and remanded.

Judges PARKER and VAUGHN concur.