PAMELA ANN BOWLIN HINSON v. ARNOLD DEAN HINSON

No. 8519DC875

(Filed 31 December 1985)

**Divorce and Alimony § 19; Judgments § 6.1— correction of judgment—granting of substantive relief improper**

The trial court's order adding the language "for so long as plaintiff continues to reside in the marital residence" following the name of the mortgage lender in the section of a consent judgment where plaintiff's debts were listed and inserting the word "net" before the word "proceeds" in the section stating that, "beyond a sale of said residence, the proceeds shall be divided equally by the parties" improperly granted plaintiff substantive relief and did not amount to a correction of mere clerical errors.

APPEAL by defendant from *Horton, Judge*. Order entered 7 May 1985 in District Court, CABARRUS County. Heard in the Court of Appeals 7 November 1985.

Defendant husband appeals from an order entered upon plaintiff wife's motion to correct alleged clerical errors in consent judgment.

*Griggs, Scarbrough & Rogers, by William F. Rogers, Jr., for plaintiff-appellee.*

*Brooke and Brooke, by Carole Carlton Brooke, for defendant-appellant.*

EAGLES, Judge.

The thrust of defendant's appeal is that the omissions in the consent judgment were not clerical in nature, but were substantive, and that the trial court therefore lacked authority to enter an order granting plaintiff the relief requested. We agree, and accordingly vacate the order.

I

Plaintiff sued in February 1983 for divorce from bed and board, custody, alimony and child support. In June 1983 the parties entered into a consent judgment whereby plaintiff received for herself and the children exclusive possession of the marital residence. Plaintiff assumed liability under the judgment for the mortgage, tax, insurance and other payments arising on the property. The listing of family debts included the mortgage lender as one of plaintiff's creditors. The judgment further provided:

> Upon a sale of said residence, the proceeds shall be divided equally by the parties. A sale of the residence may be required by either party upon Plaintiff removing herself therefrom, or, when the youngest child residing with plaintiff reaches 18 years of age, dies, becomes emancipated, or marries.

In March 1985 plaintiff filed a motion pursuant to G.S. 1A-1, R. Civ. P. 60(a) and 60(b)(1). She alleged that the judgment should have provided that she be responsible for payments on the mortgage only while she resided in the house and that the sale proceeds should be divided equally after payment of the existing

mortgage indebtedness. Otherwise, she could wind up paying the entire mortgage indebtedness out of her share of the sale price. The omission resulted from "clerical error and mistake on the part of the drafting attorneys." The court, after a hearing, agreed and entered an order under Rule 60(a) adding the language "for so long as plaintiff continues to reside in the marital residence" following the name of the mortgage lender in the section where plaintiff's debts were listed, and inserting the word "net" before the word "proceeds" in the quoted paragraph. From this order, defendant appeals.

## II

A motion to amend a judgment must be made within ten days after entry thereof. G.S. 1A-1, R. Civ. P. 59(e). A motion for relief from a judgment on grounds of mistake, inadvertence, surprise, or excusable neglect must be made within one year. R. Civ. P. 60(b). A motion to correct clerical mistakes may be made at any time, however. R. Civ. P. 60(a). Since this motion was made more than a year after entry of the consent judgment, plaintiff is limited to the relief available, if any, under Rule 60(a).

## III

The court's authority under Rule 60(a) is limited to the correction of clerical errors or omissions. Courts do not have the power under Rule 60(a) to affect the substantive rights of the parties or correct substantive errors in their decisions. *Ward v. Taylor*, 68 N.C. App. 74, 314 S.E. 2d 814, *disc. rev. denied*, 311 N.C. 769, 321 S.E. 2d 157 (1984); *Vandooren v. Vandooren*, 27 N.C. App. 279, 218 S.E. 2d 715 (1975). We have repeatedly rejected attempts to change the substantive provisions of judgments under the guise of clerical error. In *Vandooren*, we held that the court could not credit certain rents against alimony where the rents had not been considered in the original order. In *Snell v. Washington County Bd. of Educ.*, 29 N.C. App. 31, 222 S.E. 2d 756 (1976), we held that the court could not restore a forfeited bond to petitioners and require respondents to assume half the court costs as a clerical correction to an order dismissing a suit for injunction. In *H & B Co. v. Hammond*, 17 N.C. App. 534, 195 S.E. 2d 58 (1973), on the ground that it would prejudice subsequent innocent purchasers, we reversed an order changing a money judgment so that it was a lien against certain property, despite

evidence that that was the intent of the parties at the time the original judgment was entered. *Compare In re Peirce*, 53 N.C. App. 373, 281 S.E. 2d 198 (1981) (wording of oral order directing judgment omitted from written order, properly corrected).

The relief granted on plaintiff's motion here clearly was substantive in nature and therefore not available under Rule 60(a). By its order making the mortgage debt an obligation of plaintiff for only so long as she lived in the house, the trial court allowed plaintiff to move out of the house and rent it to third parties while transferring all or a portion of the debt to defendant. Further, the order's addition of the word "net" before "proceeds" may effect a material change in the distribution of eventual sale proceeds to defendant. The omission appears to have been more a matter of drafting, possibly resulting from negotiation, than a clerical error. Plaintiff was represented by counsel and could have easily made the change at the time of the consent judgment. On this record, the trial court lacked authority to make these changes under Rule 60(a).

## IV

Decisions under the similar language found in Federal R. Civ. P. 60(a) support this result. In *Jones v. Anderson-Tully Co.*, 722 F. 2d 211 (5th Cir. 1984), the court affirmed a ruling that an oral judgment containing a boundary description that did not match what the court intended to establish as the boundary could not be corrected under Rule 60(a), even though plaintiff lost 18 acres of land as a result. In *Elias v. Ford Motor Co.*, 734 F. 2d 463 (1st Cir. 1984), the court held that an interpretation of law deliberately incorporated in a judgment, even if clearly erroneous, could not be corrected under Rule 60(a). *See also Willie v. Continental Oil Co.*, 746 F. 2d 1041 (5th Cir. 1984) (failure to enter judgment pursuant to stipulation between parties not clerical error) (clerical error must be in the nature of copying error), *reh'g granted*, 760 F. 2d 87 (1985).

## V

We conclude that the trial court was without authority under Rule 60(a) to enter this order. Since the order was beyond the authority of the court, it is hereby

Vacated.

Chief Judge HEDRICK and Judge WELLS concur.