BUNCOMBE COUNTY, BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY, EX REL. BONNIE NEWBURN ANDRES, PLAINTIFF/APPELLANT v. MELVIN B. NEWBURN, DEFENDANT/APPELLEE

No. 9228DC813

(Filed 7 September 1993)

**Judgments § 104 (NCI4th) — amendment of order — improper substantive change rather than clerical correction**

  Where the parties had entered a consent judgment requiring defendant father to pay child support and a specific monthly amount on his child support arrearage, defendant's 1989 North Carolina income tax refund was garnished due to the arrearage, and the trial court entered an order which granted defendant a credit on his child support arrearage for the amount garnished from his income tax refund but which had no effect on plaintiff mother's collection of the arrearage, the trial court erred by granting defendant's Rule 60(a) motion to amend the original order by adding language suspending his arrearage payments until plaintiff stopped seeking garnishment since the amendment deprived plaintiff of her right to collect the arrearage and was thus a substantive change and not a mere correction of a clerical error.

**Am Jur 2d, Divorce and Separation §§ 425, 426.**

  Appeal by plaintiff from Amended Order entered orally on 12 November 1991, and written order filed on 18 May 1992, by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals on 16 June 1993.

  *Buncombe County IV-D Child Support Enforcement Agency, by Carol A. Saliba, for plaintiff-appellant.*

  *Hyler & Lopez, P.A., by George B. Hyler, Jr. and Robert J. Lopez, for defendant-appellee.*

BUNCOMBE COUNTY EX REL. ANDRES v. NEWBURN

[111 N.C. App. 822 (1993)]

LEWIS, Judge.

The issue presented by this appeal is whether or not the trial court's entry of an Amended Order on 12 November 1991 constituted a substantive change from the previous Order entered on 3 May 1991. The facts giving rise to this appeal reveal that Bonnie Newburn Andres ("plaintiff") and Melvin B. Newburn ("defendant") were granted a Judgment of Divorce by the State of Michigan on 11 July 1975. As part of the Judgment of Divorce, plaintiff was awarded custody of the couples' two minor children and defendant was ordered to pay support in the amount of $22.00 per week. Some time thereafter, defendant moved to North Carolina and plaintiff filed a Notice of Registration of Foreign Support Order in Buncombe County in March of 1988. Defendant originally objected, but an Order Confirming Registration was entered on 1 November 1989.

Shortly after the confirmation, Buncombe County's Child Support Enforcement Agency filed a Motion in the Cause on behalf of plaintiff, seeking an increase in defendant's child support payments, as well as payments towards his arrearage. The parties entered into a Consent Judgment wherein defendant agreed to pay $250 per month in child support for a period of one year. It was further stipulated that the total amount of defendant's arrearage was $9,900 which defendant agreed to reduce at the rate of $300 per month for thirty-three months.

Subsequent to the entry of the Consent Judgment, defendant's 1989 North Carolina income tax refund was garnished by the Michigan Department of Social Services. Defendant was also led to believe that the Michigan Department of Social Services intended to garnish his 1990 Federal and State income tax refunds due to his arrearage. Thus, defendant filed a Motion in the Cause on 25 March 1991, requesting credit for the $240 garnished from his 1989 North Carolina income tax refund and also requesting an order either relieving him of his arrearage or an injunction preventing further garnishments.

Defendant's motion was heard on 3 May 1991 at which time Judge Peter L. Roda entered an oral order granting defendant a credit for the $240 garnished from his North Carolina tax refund as well as a credit for any future garnishments. Defendant's counsel prepared the written order and submitted it to Judge Roda who

BUNCOMBE COUNTY EX REL. ANDRES v. NEWBURN

[111 N.C. App. 822 (1993)]

signed the Order on 26 August 1991. No mention was made in the Order that defendant's arrearage payments were to be suspended.

Thereafter, on 15 October 1991, defendant filed a motion under Rule 60 seeking to correct what he perceived to be the omission of any language suspending payments on his arrearage. In support of the motion, defendant alleged that during the dictation and preparation of the original Order, the provision suspending defendant's payments had been omitted. The motion was heard on 12 November 1991. No testimonial evidence was presented, only the oral arguments of counsel. Judge Roda reviewed his notes from the prior hearing and concluded that the Order entered in open court had included a provision that defendant's payments were suspended until plaintiff complied with the Consent Judgment. Accordingly, Judge Roda amended the original Order to include the following:

a) By adding a Finding of Fact #11 as follows:

"11. That this Court can withhold payments on the agreements of the parties until such time as the Plaintiff comes in compliance with the agreements made in this Court. This Court will not honor the agreements made by the Plaintiff if the Plaintiff continues to redress through other means."

b) By adding a Conclusion of Law #4 as follows:

"4. Though this Court is without authority to enter orders and injunctions against the State of Michigan Friend of Court Office in Detroit, Michigan, this Court does have authority to suspend all payments of this Defendant until such time as the Plaintiff comes into compliance with her agreements made in open Court and by and through counsel in this Court."

c) By adding in the Order a paragraph #3 as follows:

"3. That Defendant's obligation to make payments through this Court be and the same are hereby suspended effective his payment due on June 1, 1991 and all future payments are suspended until such time as the Plaintiff comes in compliance with her agreements herein by suspending all further efforts to try to collect any other arrearages and judgments except as compromised by the Judgment in this cause."

Plaintiff has appealed from the entry of the Amended Order, arguing that the trial court abused its discretion in granting defendant's Rule 60 motion. We agree.

Rule 60(a) provides in pertinent part that:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders.

N.C.G.S. § 8C-1, Rule 60(a) (1990). This Court has stated that Rule 60(a) allows correction of clerical errors, but it does not permit the correction of serious or substantial errors. *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989). Similar language appears in *Hinson v. Hinson*, 78 N.C. App. 613, 337 S.E.2d 663 (1985), *disc. rev. denied*, 316 N.C. 376, 342 S.E.2d 895 (1986), where it was held that Rule 60(a) does not allow a court to make substantive changes in its decisions. *See also*, 2 G. Gray Wilson, *North Carolina Civil Procedure*, § 60-1 (1989) ("court does not have the power to make substantive changes that affect the underlying legal rights of the parties"). Although Rule 60(a) clearly grants the authority to the trial court to make clerical corrections, our appellate courts have consistently rejected attempts to change substantive provisions under the guise of making clerical changes. *Hinson*, 78 N.C. App. at 615, 337 S.E.2d at 664. A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order. *Howard Schultz & Assocs. v. Ingram*, 38 N.C. App. 422, 248 S.E.2d 345 (1978).

Defendant contends that the Amended Order corrected an inadvertent omission in the original Order therefore falling under the scope of Rule 60(a) as a clerical error. Defendant emphasizes in his brief that Judge Roda reviewed his notes after hearing arguments to find that the written order had omitted part of the findings stated in open court. However, neither a transcript of the hearing on defendant's motion nor a copy of Judge Roda's notes have been included in the record for our review. It is well settled that our review is limited to those items contained in the record. N.C.R.App. P. 9(a). Though each party blames the other for the lack of Judge Roda's notes, that issue was mooted by the judicial settlement of the record. If after the settlement of the record, either party felt that items were missing from the record,

BUNCOMBE COUNTY EX REL. ANDRES v. NEWBURN

[111 N.C. App. 822 (1993)]

they should have filed a writ of certiorari as provided by *Craver v. Craver*, 298 N.C. 231, 258 S.E.2d 357 (1979). Neither party followed this procedure. Thus, since Judge Roda's original Order is regular on its face and signed, we can only compare the original Order with the Amended Order to ascertain whether the effect of the amendment was substantive or clerical, and we cannot consider the arguments of counsel as to what Judge Roda's notes might have shown.

Defendant relies on *In re Peirce*, 53 N.C. App. 373, 281 S.E.2d 198 (1981), as a factually analogous case and contends that it is dispositive of the issue presented. We disagree. In *Peirce*, a termination of parental rights case, the trial judge on his own accord determined that the written order previously entered had inadvertently omitted part of the actual judgment rendered in open court. As a result, the judge amended the original order to add the language "the best interest of the minor child would be served by the termination of parental rights." *Id.* at 389, 281 S.E.2d at 208. Although *Peirce* seems analogous, we find that it is readily distinguishable. In *Peirce*, the addition of the language about the best interest of the child did not change the effect of the original order. Such is not the case before us now. Judge Roda's Amended Order has deprived plaintiff of her right to collect the arrearage. We also note that the language added in *Peirce* was typical of that in all child custody cases and was very short. In contrast, the amendments in the present case were very detailed and covered several paragraphs.

Our research has revealed a more similar case in which a judge after consulting his notes altered an original order under Rule 60(a). In *Vandooren v. Vandooren*, 27 N.C. App. 279, 218 S.E.2d 715 (1975), the trial court amended an alimony pendente lite order to provide that rentals from a guest house should be credited against the amount of alimony. The reason for the change in the original order was that "upon examination of the trial notes and upon the personal recollection, it appear[ed] to the trial Judge that he intended for the Defendant to have credit for the rentals on the guest cottage. . . ." *Id.* at 281, 218 S.E.2d at 716. On appeal, this Court found that the trial court was not remedying a clerical error but was instead changing the judgment and accordingly vacated the amended order.

BUNCOMBE COUNTY EX REL. ANDRES v. NEWBURN

[111 N.C. App. 822 (1993)]

Although not specifically stated, the main reason justifying the differing results in *Vandooren* and *Peirce* is that the substantive rights of the party were affected by the trial court's amended order in *Vandooren*, whereas in *Peirce* the party's rights were not affected. This distinction is supported by several recent decisions of this Court. In *Edwards v. Edwards*, 102 N.C. App. 706, 403 S.E.2d 530, *disc. rev. denied*, 329 N.C. 787, 408 S.E.2d 518 (1991), this Court vacated an amended order which attempted to recalculate defendant's monthly expenses because the change in defendant's monthly expenses may have affected defendant's ability to pay alimony. Similarly, in *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989), this Court reversed an amended order requiring one of the parties to pay $50,000 into court because the order was of a serious or substantial nature. In contrast, those cases in which Rule 60(a) motions have been allowed have all involved minor corrections where the substantive rights of the parties were not affected. *See e.g. Ward v. Taylor*, 68 N.C. App. 74, 314 S.E.2d 814, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984) (order inadvertently omitting costs could be amended under Rule 60(a) because the taxing of costs does not affect the substantive rights of the parties); *Howard Schultz & Assocs. v. Ingram*, 38 N.C. App. 422, 248 S.E.2d 345 (1978) (clarification of preliminary injunction by adding the facts which supported the granting of the injunction was proper because party was not prejudiced).

In comparing the two orders at issue, the original Order had no effect on plaintiff's collection of the arrearage to which she was entitled. However, the Amended Order suspended plaintiff's collection of the arrearage by adding a condition of future compliance requiring plaintiff to refrain from seeking further redress through garnishment. This newly imposed condition effectively severed plaintiff's ability to receive the arrearage the Consent Judgment granted. It cannot be said that these changes in the Amended Order did not affect plaintiff's substantive rights. Accordingly, we find that the Amended Order made substantive changes in the original Order and was not, as defendant claims, an attempt to correct clerical errors.

The Amended Order is hereby vacated as outside the authority of Rule 60(a) and the original Order remains in full force and effect. Having decided this matter in plaintiff's favor, we need not address her remaining assignments of error.

CAGE v. COLONIAL BUILDING CO.

[111 N.C. App. 828 (1993)]

Vacated.

Judges EAGLES and GREENE concur.