678 S.E.2d 240 (2009)
In the Matter of C.N.C.B.
No. COA08-1510.
Court of Appeals of North Carolina.
June 16, 2009.
*241 Stephen M. Schoeberle, Morganton, for petitioner-appellee Burke County Department of Social Services.
Ellis & Winters, LLP, by Alexander M. Pearce, Raleigh, for guardian ad litem.
Patricia Kay Gibbons, Raleigh, for respondent-appellant.
JACKSON, Judge.
Respondent-mother ("respondent") appeals from an order terminating her parental rights to C.N.C.B. For the reasons stated below, we reverse and remand.
On 5 September 2007, the Burke County Department of Social Services ("DSS") filed a petition alleging that C.N.C.B. was a neglected juvenile. DSS stated that respondent and the juvenile were residing with respondent's boyfriend, who was a registered sex offender and had a "long criminal history." DSS claimed that respondent and her boyfriend had "engaged in domestic violence in the juvenile's presence" and both of them "abuse[d] substances." DSS further alleged that respondent was "often impaired by prescription medications and unable to provide appropriate care and supervision for the juvenile...." As an example of its last allegation, DSS claimed that: (1) on 17 July 2007, respondent passed out and the juvenile had access to vicodin tablets; and (2) on 5 August 2007, respondent passed out and the juvenile failed to receive diaper changes. DSS assumed custody by non-secure custody order. On 4 October 2007, C.N.C.B. was adjudicated a dependent juvenile.
On 22 May 2008, DSS filed a "Motion/Petition to Terminate Parental Rights." The sole ground alleged by DSS for termination of respondent's parental rights was that respondent was incapable of providing for the proper care and supervision of the juvenile, such that C.N.C.B. was a dependent juvenile within the meaning of North Carolina General Statutes, section 7B-101(9), and there was a reasonable probability that such incapability would continue for the foreseeable future, pursuant to North Carolina General Statutes, section 7B-1111(a)(6).
A hearing was held on the petition to terminate respondent's parental rights on 9 October 2008. The trial court concluded that grounds existed pursuant to North Carolina General Statutes, section 7B-1111(a)(6) to terminate respondent's parental rights. The trial court further concluded that it was in the juvenile's best interest that respondent's parental rights be terminated. Therefore, her parental rights were terminated by order filed 15 October 2008, nunc pro tunc 9 October 2008. Respondent appeals.
After respondent filed her notice of appeal on 24 October 2008, but prior to the docketing of the appeal with this Court, the trial court filed a "Corrected Order" on 27 October 2008, purportedly correcting "clerical mistakes and errors arising from oversight or omission." Although respondent's assignments of error reference the original order respondent, DSS, and the guardian ad litem all cite to this corrected order as though it were the order from which the appeal was taken and make their arguments referencing the order accordingly.
We note that "[s]ubject matter jurisdiction may not be waived, and this Court has the power and the duty to determine issues of jurisdiction ex mero motu[.]" In re Will of Harts, ___ N.C.App. ___, ___, 664 S.E.2d 411, 413 (2008) (emphasis added) (citing Reece v. Forga, 138 N.C.App. 703, 704, 531 S.E.2d 881, 882, disc. rev. denied, 352 N.C. 676, 545 S.E.2d 428 (2000)). "[Q]uestions of subject matter jurisdiction may properly be raised at any point, even in the Supreme Court." Forsyth Co. Bd. of Social Services v. Div. of Social Services, 317 N.C. 689, 692, 346 S.E.2d 414, 416 (1986) (citations omitted).
"[T]he general rule has been that a timely notice of appeal removes jurisdiction from the trial court and places it in the appellate court[.]" Parrish v. Cole, 38 N.C.App. 691, 693, 248 S.E.2d 878, 879 (1978) (citing American Floor Machine Co. v. Dixon, 260 N.C. 732, 133 S.E.2d 659 (1963)). In the instant case, we hold that we must vacate the corrected order for the following reasons. We stress that no party has argued that the trial court lacked subject matter jurisdiction *242 to enter the 27 October 2008 corrected order. Unlike in Mason v. Dwinnell, 190 N.C.App. 209, 660 S.E.2d 58 (2008), cited in the dissenting opinion, here, all parties have proceeded as though the corrected order was valid. We do not address the merits of respondent's appeal pursuant to the corrected order; we address it for the sole purpose of determining subject matter jurisdiction. We cannot turn a blind eye to a trial court's exercise of its powers when it does not have subject matter jurisdiction to do so.
Rule 60 of the North Carolina Rules of Civil Procedure provides a limited exception to a trial court's lack of jurisdiction once notice of appeal has been filed:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.
N.C. Gen.Stat. § 1A-1, Rule 60(a) (2007). "While Rule 60 allows the trial court to correct clerical mistakes in its order, it does not grant the trial court the authority to make substantive modifications to an entered judgment." Food Service Specialists v. Atlas Restaurant Management, 111 N.C.App. 257, 259, 431 S.E.2d 878, 879 (1993) (citing Hinson v. Hinson, 78 N.C.App. 613, 615, 337 S.E.2d 663, 664 (1985), disc. rev. denied, 316 N.C. 377, 342 S.E.2d 895 (1986)). "A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order." Buncombe County ex rel. Andres v. Newburn, 111 N.C.App. 822, 825, 433 S.E.2d 782, 784 (citing Schultz and Assoc. v. Ingram, 38 N.C.App. 422, 427, 248 S.E.2d 345, 349 (1978)), disc. rev. denied, 335 N.C. 236, 439 S.E.2d 143 (1993).
We have carefully compared the corrected order to the original order and the transcript of the rendering of judgment in open court. The comparison has revealed, inter alia, that the corrected order contains a finding of fact that was neither in the original order nor in the trial court's oral rendering of judgment. Cf. Mason, 190 N.C.App. at 215, 660 S.E.2d at 62 ("The court amended one finding of fact and one conclusion of law to add that it was making its findings `by clear, cogent and convincing evidence' ... [noting] that the court had articulated the proper standard `on the record on several occasions, but inadvertently omitted it from its Order.'"). That finding includes the phrase that respondent "continues to lack an appropriate alternative child care arrangement for the minor child," a finding that was essential to the trial court's final determination.
A trial court may terminate parental rights upon a finding
[t]hat the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement.

N.C. Gen.Stat. § 7B-1111(a)(6) (2007) (emphasis added). When, as here, the trial court relies upon a single ground to terminate parental rights, the presence or absence of a required finding of fact must be substantive within the scope of that order. The presence or absence of the finding of fact that respondent lacked an appropriate alternative child care arrangement altered the effect of the order. The presence of the finding supports termination of parental rights, and in contrast, its absence would have precluded termination of parental rights. Therefore, the change was substantive and precluded by Rule 60(a).
This Court routinely has vacated orders that were improperly "corrected" pursuant to Rule 60(a). See Pratt v. Staton, 147 *243 N.C.App. 771, 556 S.E.2d 621 (2001); S.C. Dep't of Soc. Servs. v. Hamlett, 142 N.C.App. 501, 543 S.E.2d 189 (2001); Buncombe County ex rel. Andres v. Newburn, 111 N.C.App. 822, 825, 433 S.E.2d 782, 784 (1993); Hinson v. Hinson, 78 N.C.App. 613, 615, 337 S.E.2d 663, 664 (1985), disc. rev. denied, 316 N.C. 377, 342 S.E.2d 895 (1986). Because the trial court was without jurisdiction pursuant to Rule 60(a) to add the omitted finding of fact, the corrected order must be vacated. Accordingly, we must look to the original order to reach our decision, as that was the order from which respondent, in fact, appealed.
The dissenting opinion states that respondent did not assign error to any of the trial court's findings of fact or conclusions of law; therefore, the trial court's conclusions of law are binding. However, in In re J.A.A. & S.A.A., 175 N.C.App. 66, 623 S.E.2d 45 (2005)cited by the dissentthe respondent had challenged only one of three grounds for termination. By failing to challenge the other two, she indicated her assent to them. Id. at 74, 623 S.E.2d at 50. Here, there is only one ground for termination, stated in one conclusion of law. "An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made[.]" N.C. R.App. P. 10(c)(1) (2007). Respondent's assignment of error sufficiently directs our attention to the conclusion of law that she was incapable of providing proper care and supervision to her child, that the incapability was likely to continue for the foreseeable future, and that she lacked appropriate alternative child care arrangements.
The 15 October 2008 order contains no finding of fact that respondent lacks an appropriate alternative child care arrangement. Section 7B-1111(a)(6) requires that in addition to a parent having a condition which renders her unable or unavailable to parent the juvenile, the parent also must have no appropriate alternative child care arrangement in order to terminate parental rights. Absent such a finding of fact, the order does not support the conclusion of law that sufficient grounds exist pursuant to section 7B-1111(a)(6) to terminate respondent's parental rights. Accordingly, the order must be reversed.
Therefore, we remand the matter to the trial court for further proceedings, if necessary, to make appropriate findings of fact reflecting the trial court's intended decision.
Because we resolve the matter on preliminary grounds, we do not address respondent's arguments on the merits.
Reversed and remanded.
Judge STEPHENS dissents in a separate opinion.
Judge STROUD concurs.
STEPHENS, Judge, dissenting.
For the following reasons, I must respectfully dissent from the opinion of the majority in this case.
By Order entered 15 October 2008, the trial court terminated Respondent's parental rights. On 24 October 2008, Respondent filed a notice of appeal "to the Decision to Terminate her Parental Rights ... Order entered October 15, 2008[.]" On 27 October 2008, the trial court entered a corrected order, noting that "[p]ursuant to Rule 60(a) of the Rules of Civil Procedure, this order corrects several clerical mistakes and errors arising from oversight or omission contained in an order entered on October 9, 2008; signed on October 15, 2008; and filed on October 15, 2008." The record on appeal contains no notice of appeal from the 27 October corrected order. The sole notice of appeal included in the record on appeal references only the 15 October order.
"Any party entitled by law to appeal from a judgment or order ... rendered in a civil action or special proceeding may take appeal by filing notice of appeal...." N.C. R.App. P. 3(a). Such notice of appeal "shall designate the judgment or order from which appeal is taken[.]" N.C. R.App. P. 3(d). The record on appeal in civil actions and special proceedings shall contain "a copy of the notice of appeal[.]" N.C. R.App. P. 9(a)(1)(i). Appellate review "is solely upon the record on appeal, the verbatim transcript of proceedings,... and any items filed ... pursuant to Rule 9(c) and 9(d)." N.C. R.App. P. *244 9(a). "`Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2.'" Mason v. Dwinnell, 190 N.C.App. 209, 216, 660 S.E.2d 58, 63 (2008) (quoting Bromhal v. Stott, 116 N.C.App. 250, 253, 447 S.E.2d 481, 483 (1994), disc. review denied in part, 339 N.C. 609, 454 S.E.2d 246, aff'd in part, 341 N.C. 702, 462 S.E.2d 219 (1995)). "[T]his Court has the power and the duty to determine issues of jurisdiction ex mero motu ...." In re Will of Harts, ___ N.C.App. ___, ___, 664 S.E.2d 411, 413 (2008).
In Mason v. Dwinnell, the trial court entered a permanent custody order on 1 June 2006. On 21 June 2006, Dwinnell filed a notice of appeal from the 1 June 2006 order. On 24 July 2006, the trial court entered an order amending its 1 June 2006 permanent custody order "to correct `a clerical error in the facts and conclusions.'" Id. at 215, 660 S.E.2d at 62. The trial court amended one finding of fact and one conclusion of law to add that it was making its findings "`by clear, cogent and convincing evidence.'" Id. The amended order noted that the trial court had articulated the proper standard "`on the record on several occasions, but inadvertently omitted it from its Order.'" Id.
On appeal to this Court, Dwinnell argued, inter alia, that the trial court improperly entered its 24 July 2006 order amending its 1 June 2006 permanent custody order. This Court noted that since Dwinnell's notice of appeal, filed 21 June 2006, was filed prior to the entry of the 24 July 2006 amended order, the notice of appeal could not have referenced that subsequent order. "Dwinnell was, therefore, required to file another notice of appeal regarding that [amended] order." Id. Since the record on appeal contained no notice of appeal from the 24 July 2006 order, this Court had "no jurisdiction to review the 24 July 2006 order." Id. at 216, 660 S.E.2d at 63.
The same result must be reached in this case.[1] Since Respondent's notice of appeal, filed 24 October 2008, was filed prior to the entry of the 27 October 2008 corrected order, the notice of appeal could not have referenced that subsequent order. Respondent was, therefore, required to file another notice of appeal regarding the corrected order. See id. at 214-15, 660 S.E.2d at 62. Since the record on appeal contains no notice of appeal from the 27 October 2008 corrected order, in accordance with Mason, this Court has no jurisdiction to review the 27 October 2008 corrected order. See id. at 216-17, 660 S.E.2d at 63.
While the majority correctly notes that "[s]ubject matter jurisdiction may not be waived, and this Court has the power and the duty to determine issues of jurisdiction ex mero motu," Will of Harts, ___ N.C.App. at ___, 664 S.E.2d at 413, the majority then analyzes the substance of the 27 October 2008 corrected order from which Respondent did not appeal, and holds that the corrected order must be vacated "[b]ecause the trial court was without jurisdiction pursuant to Rule 60(a) to add the omitted finding of fact[.]" However, in accordance with Mason, this Court has no jurisdiction to review the corrected order to determine if the trial court exceeded its authority by adding the omitted finding of fact.
I thus turn to Respondent's appeal from the original order. Respondent first argues that the trial court erred in terminating Respondent's parental rights because there was insufficient competent evidence to support the findings of fact and conclusions of law.
The record on appeal must contain "assignments of error set out in the manner provided in Rule 10[.]" N.C. R.App. P. 9(a)(1)(k). "[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[,]" N.C. R.App. P. 10(a), and argued in an appellant's brief. See N.C. R.App. P. 28(b)(6) ("Assignments of error not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").
"Where no exception is taken to a finding of fact by the trial court, the finding is *245 presumed to be supported by competent evidence and is binding on appeal." Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Furthermore, "`[t]he appellant must assign error to each conclusion it believes is not supported by the evidence. N.C. R.App. P. 10. Failure to do so constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts.'" In re J.A.A., 175 N.C.App. 66, 74, 623 S.E.2d 45, 50 (2005) (quoting Fran's Pecans, Inc. v. Greene, 134 N.C.App. 110, 112, 516 S.E.2d 647, 649 (1999)).
In this case, Respondent did not assign as error any of the trial court's findings of fact or conclusions of law.[2] Accordingly, the trial court's findings of fact and conclusions of law are binding on this Court. In re S.N.H., 177 N.C.App. 82, 89, 627 S.E.2d 510, 515 (2006). Furthermore, while Respondent contends in her brief that Findings of Fact numbers 11, 12, and 13 in the corrected order are not supported by competent evidence, as explained supra, the corrected order is not properly before us. Accordingly, I would overrule Respondent's first argument.
By Respondent's second argument, Respondent contends that the trial court abused its discretion in denying Respondent's motion to continue when Respondent was not present at the commencement of the termination hearing.
"A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." N.C. Gen.Stat. § 1A-1, Rule 40(b) (2007). "A motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion." Doby v. Lowder, 72 N.C.App. 22, 24, 324 S.E.2d 26, 28 (1984).
Here, the motion to terminate Respondent's parental rights was filed on 22 May 2008. The hearing on the motion was originally scheduled for 17 July 2008. However, as the child's father had not yet been served personally or via certified mail, the trial court, with Respondent present, continued the matter to 11 September 2008 and allowed petitioner to serve the child's father via publication. On 11 September 2008, the trial court noted that service by publication had commenced on 21 August 2008 and, therefore, the requisite 40 days for the father's response had not yet elapsed. The trial court, with Respondent present, thus continued the matter to 9 October 2008. On 9 October 2008, Respondent was not present in court. Counsel for Respondent moved for a continuance due to Respondent's absence, stating, "I have had contact with my client. She contacted the office, I guess this morning, and it was my understanding she was going to be here. I don't know if something happened or[.]" The trial court denied counsel's motion.
As "[c]ontinuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it[,]" Shankle v. Shankle, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976), the trial court did not abuse its discretion in denying Respondent's motion where Respondent failed to show good cause for granting the continuance. I likewise would overrule this argument.
For the foregoing reasons, I would affirm the order of the trial court terminating Respondent's parental rights.
NOTES
[1] See In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (explaining that one panel of this Court cannot overrule another panel).
[2] Notably, Respondent does not argue that the trial court's findings of fact, as contained in the order from which Respondent appealed, are inadequate to support the trial court's conclusion of law that grounds exist to terminate Respondent's parental rights for dependency under N.C. Gen.Stat. § 7B-1111(a)(6).