BERGER, Judge.
Respondent-mother appeals from a permanency planning order which, inter alia , awarded custody of the minor child "Irving"[1] to Respondent-father. Because Respondent-mother has failed to comply with the jurisdictional requirements for giving notice of appeal under Rule 3.1 of the North Carolina Rules of Appellate Procedure, we must dismiss her appeal.
The Henderson County Department of Social Services ("DSS") filed a juvenile petition in April 2016 alleging Irving was neglected. At the time the petition was filed, Irving resided with Respondent-mother in Hendersonville, North Carolina. Respondent-father was living in Mexico. The petition alleged that Irving and his half-sister ("the children") had been previously adjudicated neglected in October 2013, "based upon improper supervision, housing issues, criminal activity on the part of the mother, and no appropriate caregiver ... as the mother was in custody and the father had been deported." Although custody was restored to Respondent-mother in June 2014, DSS alleged that Respondent-mother was arrested in the presence of the children on additional felony charges in April 2016. A subsequent investigation revealed that the children were residing in a filthy residence "containing multiple safety hazards and concerns," and that they were not attending school regularly. In addition, it was alleged that the children were being left unattended in the home. The children reported drug use by Respondent-mother and her "friends" while they were in the residence, and they described conduct by Respondent-mother consistent with prostitution. DSS obtained non-secure custody of Irving and placed him with his maternal grandmother.
On June 3, 2016, the trial court adjudicated Irving to be a neglected juvenile upon findings that largely mirrored the allegations in the petition. In November 2016, the parties consented to entry of a permanency planning order that established a primary permanent plan of reunification with his parents with a secondary plan of custody with a third party. The order also authorized Irving's continued placement with the paternal grandparents.
After subsequent permanency planning hearings, the trial court granted primary custody of Irving with Respondent-father. See N.C. Gen. Stat. § 7B-906.1(i) (2017). The trial court further ordered summer visitation periods with his maternal and paternal grandmothers. Because Respondent-mother "acted inconsistently with her constitutionally protected rights as a parent" and unsupervised visitation would be contrary to Irving's best interests, the trial court awarded Respondent-mother supervised visitation with the child. The trial court also terminated juvenile court jurisdiction, and ordered that the matter be converted to a civil custody proceeding under Chapter 50. See N.C. Gen. Stat. § 7B-911 (2017).
Respondent-mother's counsel filed and served a timely notice of appeal. However, the notice of appeal is signed only by counsel and not by Respondent-mother.
"If the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal[.]" N.C.R. App. P. 3.1(a).[2] As we have previously explained, "[t]he signature requirement of Rule 3[.1(a)[3] ] provides record evidence that the appellant desired to pursue the appeal, understood the nature of the appeal, and cooperated with counsel in filing the notice of appeal." In re I.T.P-L. , 194 N.C. App. 453, 459, 670 S.E.2d 282, 285 (2008). Failure to comply with the signature requirement of Rule 3.1(a) is a jurisdictional defect. See In re L.B. , 187 N.C. App. 326, 332, 653 S.E.2d 240, 244 (2007), aff'd per curiam , 362 N.C. 507, 666 S.E.2d 751 (2008). "A jurisdictional default ... precludes the appellate court from acting in any manner other than to dismiss the appeal." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc. , 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008).
Although the issue is not raised by DSS or the guardian ad litem , it is well established that "[s]ubject matter jurisdiction may not be waived, and this Court has the power and the duty to determine issues of jurisdiction ex mero motu ." In re C.N.C.B. , 197 N.C. App. 553, 555, 678 S.E.2d 240, 241 (2009) (citation and quotation marks omitted).
Because Respondent-mother failed to sign the notice of appeal in accordance with Rule 3.1(a), we are without jurisdiction to consider her appeal. In re I.T.P-L. , 194 N.C. App. at 459, 670 S.E.2d at 285. Moreover, Respondent-mother has not petitioned this Court for review by writ of certiorari pursuant to N.C.R. App. P. 21(a)(1). Accordingly, her appeal is dismissed.
DISMISSED.
Report per Rule 30(e).
Judges STROUD and DILLON concur.

A pseudonym is used to protect the juvenile's identity and for ease of reading.

The signature requirement in Rule 3.1(a) has been amended to N.C.R. App. P. 3.1(b) (2019).

At the time of our decision in In re I.T.P-L. , current N.C.R. App. P. 3.1 was codified as N.C.R. App. P. 3A.